(Decided June 24th, 1897).

---

# JOHN SHARTZER, Trustee, vs. THE MOUNTAIN LAKE PARK ASSOCIATION.

*Equitable Defence to Action of Ejectment—Pleading—Estoppel—Sales in Equity—Rights of Purchasers—Warrant of Resurvey—Appeal.*

A plea setting up a defence to the action upon equitable grounds should contain a statement of the facts upon which the defendant relies and should not consist of a recital of the documents, &c., relied upon to prove those facts.

A bill in equity was filed asking for the sale, for the purpose of parti-
tion, of the real estate of which W. H. died seized or to which he
was equitably entitled.  It was then supposed that tract of land to
recover which the action of ejectment in this case was brought, was
the property of W. H., the legal title to it, however, was in J. H.
deceased.  In the partition suit the executor and trustee of J. H.
was a party as were also his residuary legatees and the executor was
vested with a power of sale.  The land in question was sold under
a decree in this suit, together with land belonging to W. H., the
sale was ratified and a large part of the purchase money distributed
to the trustee and residuary legatees of J. H.  These parties had actual
or constructive notice that the legal title to the land in question sold
as being the property of W. H., was in J. H., and the sale could not
have been made without their acquiescence.  *Held*, that the Court
having jurisdiction over the subject-matter and the parties, the pur-
chaser had a right to believe that the land sold was that to which
W. H. was equitably entitled, and that the above mentioned facts
constituted a bar to an action to recover the land from the purchaser
instituted several years after the sale by a substituted trustee of the
estate of J. H.

Where one of the facts in issue in an action of ejectment is whether the
land in controversy is contained within the lines of a certain tract,
a warrant of resurvey is properly issued.

Where the record does not disclose the grounds of a motion by the
plaintiff in an action of ejectment to strike out the equitable plea of
the defendant, and where the motion is substantially a renewal of a
demurrer to the plea which had been overruled, the action of the trial
Court in overruling such motion is final.

Appeal from the Circuit Court for Garrett County (SLOAN,
J.)

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, RUSSUM, JJ.

*Benjamin A. Richmond* and *E. H. Sincell* (with whom
was *W. C. Devecmon* on the brief), for the appellant.

*Thomas J. Peddicord* and *Frederick W. Story* (with whom
were *Gilmor S. Hamill* and *Rignal W. Baldwin* on the
brief), for the appellee.

RUSSUM, J., delivered the opinion of the Court.

Edward Hoye, trustee under the will of John Hoye, in

whose place the appellant was substituted, instituted an ejectment suit in the Circuit Court for Garrett County, to recover from the appellee possession of a tract of land known as "Lot No· 858" of the military lots west of Fort Cumberland.

The appellee obtained an injunction to restrain the prosecution of the suit, which, being heard on bill, answers and testimony, was dissolved, and an appeal taken to this Court by which the order dissolving the injunction was affirmed on the ground that, under Art. 75, sect. 83 of the Code, the same matter which was made the ground of complaint in that case could be interposed in this, as an equitable defence. *Mountain Lake Park Association* v. *Shartzer*, 83 Md. 10.

The case came on for trial at the September 1896 Term, at which time the appellee filed its plea "for defence on equitable grounds," and its disclaimer as to so much of lot No. 858, as lies south of the Baltimore and Ohio Railroad tracks, as laid down on the plats filed by the surveyor.

To the equitable plea the plaintiff demurred, which was overruled by the Court. Three exceptions were taken by the appellant: 1st, to the refusal of the Court to strike out the order of September 26th, 1894, directing a warrant of resurvey to issue and the return of the surveyor under said warrant; 2nd, to the refusal of the Court to strike out the equitable plea of the defendant; and 3rd, to the ruling of the Court granting the motion of the defendant to strike out the plaintiff's replication on equitable grounds. The judgment being for the defendant the plaintiff appealed.

The demurrer to the defendant's plea for defence on equitable grounds will be first considered. This plea is, at best, but a loose statement at large without any view to the extrication of the facts in controversy. After attempting to set out the substance of the bill of complaint, in number 840 Equity, in the Circuit Court for Allegany County, and the appointment of trustees to sell the real estate therein referred to, it proceeds to set forth, at length, the report of sales made

by the Messrs. Gordon, as trustees, the orders of ratification, *nisi* and final; the report of the auditor; the deed from the Messrs. Gordon, trustees, to J. C. Alderson, and, then, concludes by averring that George Smith of A., executor of John Hoye, deceased, and Edward Hoye, John Hoye of William, David Hoye and Daniel J. Hoye, the residuary legatees of John Hoye, deceased, were all parties to the said cause; that they did not object to the ratification of the sale, but allowed the same and the auditor's report to be finally ratified, and took the purchase money obtained for, and distributed as, the price of lot 858, which is the land in controversy. This mode of pleading requires the Court to review, collate, and consider these papers in order to extract the points and arrive at the selection of the point to be decided. It violates that rule of pleading which requires the avoidance of obscurity; and instead of setting out " the facts which entitle the defendant to relief," which is required in a plea for defence on equitable grounds, it spreads on the record the evidentiary papers on which the defendant relies to prove the facts constituting an equitable estoppel. *Code Pub. Gen. Laws,* Art. 75, sec. 83.

But, whilst the plea is defective and the judgment must on that account be reversed, yet, as the cause was fully argued, it is proper that we should decide the question involved, in order that there may be an end of litigation between the parties.

The conceded facts which we have extricated from the confused record sent to this Court are : That in a cause in the Circuit Court for Allegany County, known as 840 Equity, a bill of complaint was filed charging, among other things, that William W. Hoye was, at the time of his death, seized of, or equitably entitled to, in his own right, a large and valuable real estate in Allegany County (now set off in Garrett County), amongst which was a large tract called " Western Canal Convention," and several other large and valuable tracts of land, the names of which were unknown to the complainants, the patents or other title papers for which

were in the possession of George Smith of A., executor
under the will of John Hoye, deceased. The prayer of the
bill was that the said George Smith might answer the bill
fully, and also exhibit and produce all patents or other title
papers which were in the possession of John Hoye, deceased,
for any lands owned by William W. Hoye at the time of
his death ; that the real estate of William W. Hoye might
be sold by a trustee and the proceeds divided amongst those
entitled thereto, and for general relief. George Smith of A.,
executor of John Hoye, deceased, and Edward Hoye, Daniel
J. Hoye, John Hoye of William and David Hoye, residuary
legatees of John Hoye, appeared and answered the bill, and
trustees were appointed to sell the property. By the 11th
report of sales made by the Messrs. Gordon, trustees, it ap-
pears that on the 7th day of September, 1881, they sold
certain specifically named military lots, and forty-eight and
sixty one hundredths (60-100) of lot number 858, " all of
which lots and parts of lots lie within the lines of a tract of
land known as ' Western Canal Convention ' and inside of
the old enclosure known as the ' Hoye Pasture,' " to J. C.
Alderson, for the sum of $2,145.44, and that Alderson had
paid fifty dollars on account of the purchase money, and
would pay the balance *on the ratification of the sale.* The
proceeds of sale were, after its ratification, distributed by an
auditor's account which was finally ratified December 29th,
1881, the said George Smith and the said residuary legatees
being among the distributees. It is contended on the part
of the appellant : (1.) That the legal title to the land in
controversy being in John Hoye, the sale of it by the Messrs.
Gordon, as trustees for the sale of the real estate of William
W. Hoye was null and void; and that although George
Smith, executor of John Hoye, and his residuary legatees
were parties to said cause and received a portion of the pro-
ceeds, they are not estopped from claiming the land, unless
it be shown that they received it knowing it to be such,
since no estoppel arises from one's silence concerning the
title to land where he is in ignorance as to his own title.

2nd. That, as to real property, the party claiming to have been influenced by the conduct or declarations of another, must show that he was not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge.

The correctness of these propositions as abstract principles of law is one question and their applicability to the case before us is quite another.   The proceedings in the Circuit Court for Allegany County, known as 840 Equity, were for the sale of the real estate of William W. Hoye, for the purpose of partition.   The Court undoubtedly had jurisdiction of the subject-matter of the suit, which included the sale of the land to which William W. Hoye was equitably entitled as well as that of which he died seized.   George Smith of A., the executor of John Hoye, who was also trustee under his will, and the residuary legatees of John Hoye were parties, and appeared and answered, by solicitors.   The trustees appointed in that cause sold the property as of the estate of William W. Hoye and reported the sale to the Court, and that Alderson, the purchaser, had paid fifty dollars of the purchase money and would pay the balance on the ratification of the sale, and the sale was finally ratified. Under these conditions Alderson had the right to rely on the order of the Court as emanating from a competent jurisdiction.   *Long* v. *Long*, 62 Md. 62.   The parties to the cause may not have personally known the facts, but they were known to their counsel, or must from nature of the case have been known to them, or ought to have been, and the appellant and the residuary legatees under the will of John Hoye, as to such matters, are held as affected by the actual or constructive knowledge of their solicitors entrusted with their interests in the cause ; unless they could show that they were victims of fraud practiced on them by their solicitors, which in this case is not supposable.   *Presstman et al.* v. *Mason et al.*, 68 Md. 92.

Nor was there on the records of Allegany County anything that would lead a prudent man to doubt the regularity

of the Court's order.    The deed, which the appellant contends was notice of the legal title in John Hoye, conveyed several tracts of land for the nominal consideration of one hundred dollars ; and since the bill was filed for the sale of the real estate to which William W. Hoye was equitably entitled, as well as that of which he was seized, and as George Smith of A., the executor of John Hoye, who was also trustee, was vested with the legal title, and with full power to sell all his real estate, at public or private sale, and the residuary legatees, individually, being parties to the proceeding, and represented by solicitors of ability and integrity, the purchaser had a right to believe that so much of lot 858 as was sold was land to which William H. Hoye was equitably entitled. The Court having had jurisdiction over the subject, and the parties, " the erroneous, or improvident exercise of it, in a manner not warranted by the evidence before it, whether that be in respect to the construction of written instruments, or deductions drawn from unwritten proof, the errors, however apparent, are not to be corrected at the expense of the purchaser." *Long* v. *Long*, 62 Md. 62.    Again, the fourth account of the auditor, in 840 Equity, shows that the residuary legatees of John Hoye were awarded their respective proportions of the proceeds of sale, as heirs at law of William W. Hoye, and that a large sum was distributed to the said George Smith.    And, by his thirty-second account, passed, in the Orphans' Court for Allegany County, December 29th, 1884, more than three years after the sale, George Smith, executor of John Hoye, deceased, accounted for fourteen hundred and seventy-three dollars and eighty-three cents, received from the proceeds of sale in 840 Equity, as of the estate of his testator which was distributed to the residuary legatees under the will of John Hoye. Whether that distribution was correct, or incorrect, as to the amount received by the residuary legatees, does not concern this case.    Having authority under the will of John Hoye to sell and convey all his testator's real estate, at public or private sale, and being a party to 840 Equity, in

the capacity of executor, and knowing, as he must have known, of the sale of lot 858 by the trustees to Alderson, the presumption is that George Smith fully discharged his duty as executor, and that, in receiving the proceeds of sale he obtained all that his testator's estate was legally entitled to receive. Without the consent of George Smith, executor, and of the residuary legatees of John Hoye, the sale of this land to Alderson as the property of William W. Hoye, would not have been ratified, nor the purchase money paid. Having permitted that to be done which would not, otherwise, have been done, the appellant, as successor of Smith in the trust under the will of John Hoye, nor the residuary legatees through him, cannot, now—after the lapse of nearly thirteen years—be heard to question the legality of the act thus sanctioned, to the prejudice of those who have given faith to the fair inferences from their conduct. And it makes no difference whether it be said that this conduct amounts to a ratification, or an election, or requires the application of the doctrine of equitable estoppel. *Story's Eq.*, sect. 1546 ; *Beach's Mod. Eq.*, sect. 1093 ; *Funk* v. *Newcomer*, 10 Md. 301 ; *Presstman* v. *Mason*, 68 Md. 89 ; *Long* v. *Long*, 62 Md. 71, 72 ; *Strosser* v. *Fort Wayne*, 100 Ind. 443 ; *Hayward* v. *Elliott Nat. Bank*, 96 U. S. 611.

These views are not in conflict with the opinion of this Court on the former appeal between these parties. We have seen that the proceedings in 840 Equity, and the conduct of all the parties thereto, who were interested in the land in controversy in this case, tends to show that William W. Hoye was seized of, or equitably entitled to, so much of of lot number 858 as was sold to Alderson. The admissions of the parties as disclosed by the record, was the most convenient and available and reliable means of acquiring information as to the title and he was justified in completing his purchase.

The motion to strike out the order directing a warrant of resurvey to issue, from the refusal of which the first exception is taken, was properly overruled. The record shows

that the appellee plead "not guilty," and took defence on warrant, and that, afterwards, leave was given to file *additional* pleas, under which was filed the plea for defence on equitable grounds.   The report of sales made by the trustees alleges that the land in controversy is contained within the lines of "Western Canal Convention," which, concededly, was the property of William W. Hoye.   This is denied by the appellant, and being a fact in issue, which could be settled only by a resurvey, the warrant properly issued.

The record does not disclose the grounds of the motion made by the plaintiff to strike out the equitable plea of the defendant, nor of the motion made by the defendant to strike out the plaintiff's equitable replication, which are referred to in the second and third exceptions, and, therefore, we must conclude that the rulings of the Court on these motions were correct.   As to the second exception the motion was, substantially, a renewal of the demurrer, and asked the Court to review its ruling thereon after plaintiff had announced that he "stood on the demurrer," and was clearly within the Court's discretion, from the exercise of which no appeal will lie.   As to the third exception, and regarding the motion as in the nature of a demurrer to the plaintiff's equitable replication, it is sufficient to say that the occurrences in the lifetime of William W. Hoye and all the allegations of the equitable replication that refer to the time of death of John Hoye and William W. Hoye, and the residence of George Smith of A. and Daniel J. Hoye and to the legal title to lot 858, and to the transactions between J. C. Alderson and George Smith of A., as executor of John Hoye, deceased, as to *other* lots and under another contract, were not material issues in the cause, and tended to confuse the jury. If, as we have seen, George Smith of A., executor of John Hoye and trustee under his will with power to sell his real estate, and the residuary legatees of John Hoye, have, as the equitable replication admits, permitted the estates of William W. Hoye and John Hoye to be lumped and mixed together, and the proceeds of the sale of lot number 858 was a portion

of the fund so distributed, and they received the money, neither the plaintiff nor the residuary legatees can, now, be allowed to speak, because conscience requires them to be silent. We think the Court was right in ordering the equitable replication to be stricken out.

However, as the Court below erred in overruling the demurrer to the plea for defence on equitable grounds the judgment must be reversed.

> *Judgment reversed with costs and new trial awarded.*

(Decided June 22nd, 1897).