## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 19, 1899.

DAVID M. ANDREW
VS.
WILLIAM F. SHINNICK.

*S. S. Field* for Drovers and Mechanics' National Bank.

*Daniel L. Briton* and *R. B. Tippett & Bro.* for Hartman Sliding Blind Co. and the receivers.

STOCKBRIDGE, J.—

Two exceptions have been filed to the auditor's account in this case, one upon the part of the Hartman Sliding Blind Company, which objects to any allowance of a dividend upon the claim of Milton Goldman, which claim has now by assignment become vested in the Drovers and Mechanics' National Bank, and the other upon the part of the Drovers and Mechanics' National Bank, as assignee of Goldman, upon the theory that its claim should have been allowed in full.

The first of these exceptions is based upon the fact that Mr. Shinnick, against whom the claim was held and lien filed, was, prior to the time of filing the lien, a partner of Mr. Goldman. The partnership had, however, been dissolved before the filing of the lien, and under the dissolution all assets of the partnership had passed to Goldman, and therefore under the decision in the case of Potts vs. Schmucker, 84 Md. 545, this exception will be overruled.

Mr. Shinnick was engaged in building a row of houses upon North avenue in the City of Baltimore, but was unable to complete the same, and at the instance of certain creditors, receivers were appointed to take charge of the property. Among those having claims for materials furnished to the houses, and for which liens could be filed, was Milton Goldman. Shortly after the appointment of the receivers the various creditors were called together, not once, but twice, to determine as to the course best to be pursued in connection with the property, Mr. Goldman being present at both these meetings, and it was finally concluded that with the consent of the creditors the receivers should obtain authority from the court to borrow the sum of $15,000 to complete the property. This conclusion having been reached there was prepared a waiver of liens in favor of the creation of such an indebtedness, which waiver was signed by all of the claimants, with the exception of Milton Goldman. According to the testimony Mr. Goldman never refused to sign, on the contrary he always declared his willingness and intention so to do, but upon one pretext or another excused himself from day to day, from actually signing, declaring, however, that he would sign the waiver.

Acting upon the assent thus obtained, and the understood promise of Mr. Goldman to unite in the waiver, the receivers applied to, and obtained from the court the authority to borrow the money and complete the buildings, and did both of these things. While the work of completion was going on Mr. Goldman was active in supervising the work of completion, verifying the expenditures of the receivers and himself furnishing a small amount of material to the receivers. When the property was sold by public auction Mr. Goldman was present and, acting for a number of the creditors, bid in certain of the property.

Some time thereafter Mr. Goldman, himself having become involved, executed an assignment of his mechanic's lien to the Drovers and Mechanics' National Bank, and left the city.

By the exceptions the Bank seeks to set up and maintain the validity of the Goldman mechanic's lien claim in its entirety.

The case presents many phases, and these have all been ably and elaborately argued, but for the determination of the case it is sufficient to consider but one of them.

That a mechanics' lien is a chose-in-action, and as such, when assigned, be

comes vested in the assignee, subject to the same equities as would have attached to it in the hands of the original holder is conceded, and, therefore, the question arises at the very threshold of the present inquiry, would or not Milton Goldman be estopped by reason of his acts and conduct from asserting his claim in the present case, for if so, the bank is equally estopped.

The doctrine of estoppel in pais is applied in a great variety of circumstances, and the rules for its application are not uniform in all the States, but it has been so often passed upon in Maryland that it is entirely unnecessary to go beyond the decision of our own courts. It seems to have been considered with especial care in the case of Hardy & Bros. vs. The Chesapeake Bank, 51 Md. 590, where after reviewing a large number of decisions, both in England and this country, the Court of Appeals practically adopts as the rule, the language of Parks B. in the case of Freeman vs. Cook, 2 Exch. 654, where he says: "If, whatever a man's real intention may be, he so conducts himself that a reasonable man would take the representations to be true and believe that it was meant that he should act upon it, and did act upon it as true, the party making the representation would be equally precluded from contesting its truth and conduct by negligence, or omission, where there is a duty cast upon a person by usage of trade or otherwise to disclose the truth may often have the same effect."

The same principle is laid down in even stronger language in the case of Presstman vs. Mason, 68 Md., 89, adopting the language of 2 Story's Equity, sec. 1546. It is urged, however, that there could be no waiver of the lien by Goldman in this case, except such waiver were in writing, and also that a mechanic's lien creates an interest in land, and as such anything to effect it must, under the Statute of Frauds, be in writing. But the question here is not a question of waiver, but one of estoppel, and a party may by his acts and conduct as effectually preclude himself from setting up an interest in land as by an actual deed of conveyance of such interest.

Funk vs. Newcomer, 10 Md. 301.

Vogeler vs. Geiss, 51 Md. 411.

and the question is therefore, did Goldman by his acts so conduct himself,

that the receivers were justified in taking his representations as true, and believe that it was meant that they should act upon them, and did they as matter of fact act upon them? Upon the testimony as offered in this case, it might almost be said by the uncontradicted testimony, the receivers were undoubtedly led to believe that Goldman fully agreed to the proposed plan, which contemplated and involved the waiver of all existing liens; there was no reason apparent why they should disbelieve or doubt his professed willingness to unite in the action of the other creditors; on the contrary his acts no less than his words, were of a character to convey to the mind of any one his entire acquiescence in everything that was being done. That the receivers did act upon this belief is clearly shown, and the case therefore as presented measures fully up to the standard laid down in the case of Hardy & Bros. vs. The Chesapeake Bank, before cited, and therefore whatever may have been the intent of Mr. Goldman, he is now estopped from denying the conclusion to be drawn from his own words and acts.

From what has already been said it follows that if Goldman would be estopped from attempting to set up the priority of his claim, his assigns, even though an assignee for value, would be none the less so.

Entertaining these views, it becomes unnecessary to discuss the other points raised in the argument of the case, and the exceptions of the Drovers and Mechanics' National Bank will be overruled with costs.