## HEATING AND PLUMBING FINANCE CORPORATION *v.* GLYNDON PERMANENT BUILDING ASSOCIATION

[No. 52, April Term, 1934.]

*Decided June 13th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John J. Neubauer* and *Evan D. Llewelyn,* for the appellant.

*Robert C. McKee,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

On September 9th, 1931, Oliver H. Becker and Ruth V. Becker, his wife, executed a mortgage, duly recorded, of a parcel of land owned by them situate at Owings Mills, in Baltimore County, to the Glyndon Permanent Building Association of Baltimore County. The lot was improved by a two-story frame and shingle cottage. When the mortgage was executed and the loan made, the house was equipped with a heating plant known as a "pipeless furnace," which consisted of a furnace in the cellar, from which hot air was conveyed to a larger register in the first floor, and a pipe from the furnace to the chimney.

On March 1st, 1933, the mortgagors made a conditional sales contract with Harry Elgin & Company for the furnishing and installation in the house on the mortgaged premises of a hot water heating system, called the "Pressure System." The conditional sales contract was assigned for value to the Heating & Plumbing Finance Corporation, the appellant, and was recorded the day after its date in the conditional sales records of Baltimore county.

The mortgage being in default, the mortgaged property was advertised for sale, and, on October 4th, 1933, sold to the mortgagee. The property was advertised as being "Improved by a two story frame and shingle cottage containing seven rooms, with hot water heat; two car garage, city gas and electric."

The Heating & Plumbing Finance Corporation, as the assignee of the conditional sales contract, filed exceptions to the ratification of the sale, the exceptions were overruled, and the order of ratification passed from which this appeal was taken.

The ground of the exceptions was that the hot water

heating system which the exceptant's assignor, Elgin & Company, had installed was not a fixture and was its personal property. If this be true, how can the appellant here be heard to except to the sale? The mortgagee only pretended to sell real estate, and that was such property as answered the description of the land, "Together with the improvements thereon and the rights and appurtenances thereto belonging or appertaining." It made no difference what the mortgagee advertised, it could not sell, and the purchaser would not take, any more property than the mortgage conveyed. *Consolidated Gas, Electric Light & Power Co. v. Ryan,* 165 Md. 484, 169 A. 794. The appellant can have no standing in this case except on the theory that the hot water heating system was no part of the realty, and if this be so it has no interest in the proceeds of the sale, and cannot intervene as an exceptant, for objections can only be made by persons "interested in the property." Code, art. 66, sec. 9; *Warfield v. Ross,* 38 Md. 90; *Bentley v. Beacham,* 91 Md. 678, 47 A. 1024; *Kinsey v. Drury,* 141 Md. 684, 689, 119 A. 646. The appellant, in its brief, says its position is much stronger than that of the exceptant in *Chew v. Baker,* 133 Md. 639, 105 A. 756. In that case the exceptant was a creditor of a deceased owner of an undivided interest in the mortgaged property, whose personal estate was insufficient to pay his debts, and the creditor therefore would have recourse against his real estate.

This all means that, the appellant having no interest in the mortgaged property, the order appealed from should be affirmed, as any remedy it may have is at law by replevin. Inasmuch, however, as the facts, which would be the evidence in a suit at law, are set out in the record and were fully argued, we are going to express our opinion of the merits of the case, that there may be an end of the litigation. *Shartzer v. Mt. Lake Park Assn.,* 86 Md. 335, 338, 37 A. 786.

There is no pretense of a claim that the mortgagee had any but what the appellant contends is constructive notice of the installation of the hot water heating system. That,

however, is only available if the plant so installed is not a fixture. When a chattel is incorporated in the structure and becomes an integral part of the realty, it not only loses its character as personal property but the benefit of any notice which follows from recordation as well. *Abramson v. Penn*, 156 Md. 186, 192, 143 A. 795.

The question here then, regardless of the fact that the heating plant was a chattel before installation, is whether, when installed, it so changed its identity as to become a fixture and real property.

The leading case in this state, and one in which certain tests were adopted to determine what is a fixture, is *Dudley v. Hurst*, 67 Md. 44, 8 A. 901, and which has been so recently cited and quoted at length by this court that there is no need to repeat here what was there said. *Consolidated Gas, Electric Light & Power Co. v. Ryan*, 165 Md. 484, 169 A. 794; *Homeseekers' Realty Co. v. Silent Automatic Sales Corporation*, 163 Md. 541, 163 A. 841; *Bankers' & Merchants' Credit Co. v. Harlem Park Bldg. & Loan Assn.*, 160 Md. 230, 153 A. 64, 66; *Wurlitzer Co. v. Cohen*, 156 Md. 369, 144 A. 641.

The appellant's counsel has, at great labor, gathered many authorities from other courts to support its contention that the heating plant now claimed by it is a chattel, but the position of this court, as stated by Judge Pattison in *Bankers' & Merchants' Credit Co. v. Harlem Park Bldg. & Loan Assn.*, *supra*, is that, "While the authorities elsewhere are in hopeless conflict on this subject, the law as enunciated in *Dudley v. Hurst*, *supra*, is recognized as the established law of this state, and this court has no disposition to depart therefrom."

So far as we are concerned with the facts of this case, this court has already, and not so long ago, in *Abramson v. Penn*, 156 Md. 186, 194, 143 A. 795, 798, declared that an installed steam heating system is a fixture and not a chattel, when, in the opinion by Judge Offutt, it was said: "if one sold a steam-heating system, which, if used at all, must necessarily be permanently annexed to and incorporated with some freehold, he would be bound to know

that, when so incorporated, it would lose its character as personalty and become real estate, and that the purchaser of such real estate would not be charged with notice of any lien or claim not recorded among the land and mortgage records." The appellant's answer to this was that it was *obiter,* because it was held in that case that the gas radiators there involved were chattels. That is not our view of the effect of what was there said. We were then of the opinion, as we are now, that a steam heating system, as commonly understood, was a fixture, and in arriving at a different conclusion with respect to the heaters in *Abramson v. Penn* it was necessary to make the distinction pointed out in that case. But, *obiter* or no, what was there said is still our opinion.

*Order affirmed with costs.*