HAIMEN SCHOFER *v.* HUGO R. HOFFMAN ET UX.

[No. 15, October Term, 1943.]

*Decided November 4, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, **and** BAILEY, JJ.

*Meyer Reamer,* with whom were *H. Richard Smalkin* and *Moses Cohen* on the brief, for the appellant.

*George M. Berry* for the appellees.

SLOAN, C. J., delivered the opinion of the Court.

This case is in trover brought by Haimen Schofer, trading as H. Schofer & Sons, against Hugo R. Hoffman and Burton P. Hoffman, his wife, for the conversion by the defendants of an oil heater and water tank which had been installed in the property occupied by them situate in Baltimore County. It was tried before the court sitting as a jury (Rule 9, Part III, Trials by the Court), and from a judgment for the defendants plaintiff appeals. The record shows that replevin would have been the proper form of action, but it was agreed to have the case tried on the merits, the result to be either a judgment for the plaintiffs for $477.75, or a judgment for defendants.

The heater and tank were not installed on the order of the defendants, who knew nothing about its installation until long after it was done. The defendants had leased the property to Harry F. White and Lillian E. White, his wife, by lease dated February 16, 1940, for the term of six years beginning May 1, 1940, and ending May 1, 1946, at the monthly rental of $325.00, with an option to purchase the property at any time during the term of the lease in consideration of the sum of $1,000.00, which the lessees paid to the lessors, but whether this payment was to be credited on the purchase money does not appear. The amount to be paid the record does not disclose, but Mrs. White testified that the monthly rental of $325.00 "included a certain amount on the principal which if we gave up the property would be entirely lost to us." This arrangement continued until October 2, 1941, when the lease was canceled, and thereafter, until about April 1, 1942, the Whites occupied part of the leased premises at $100.00 per month.

On August 14, 1940, the Whites and the plaintiff entered into a conditional sales contract, unrecorded, for the purchase by the Whites and the installation by the

plaintiff of a Wayne Oil Burner and a Wayne Boiler Burner Unit for $919, of which $100 was paid in cash, the balance to be paid in 36 monthly installments of $22.75 each. There was owing to the plaintiff, when the Whites vacated the property and stopped paying, $477.75. The original lease, with the option to buy, was canceled October 2, 1941; the Whites paid all installments due to November 3, 1941.

There can be no denial on this record that the Whites, when they made this heating contract, regarded themselves as the owners of the property, and the plaintiff so dealt with them. When the Whites leased the property the house was heated by a complete hot-water system. Mrs. White was not satisfied with it and promptly had a modern single unit oil heater and water tank installed and the old heater and tank removed, Mr. Hoffman said at the trial he thought the old furnace was all right. "The tenants had been there years before without any trouble." It was in the cellar when the Whites leased and undertook to buy.

There is no pretense by the plaintiff or Mrs. White (Mr. White not testifying) that the defendants knew anything about the new heating system for at least fifteen months after it was installed. Hugo R. Hoffman testified that he knew nothing about the oil heater in his house until the Whites were leaving it, and the defendants were, therefore, not on notice of or bound by any of the terms of the agreement between the plaintiff and their vendees (Whites). *Homeseekers' Realty Co. v. Silent Automatic Sales Corp.*, 163 Md. 541, 544, 163 A. 841.

These are the facts upon which the court was to decide whether the appliance was a fixture belonging to the freehold or personalty and the property of the plaintiff.

In the case of *Dudley v. Hurst*, 67 Md. 44, 8 A. 901, 902, the rules for ascertaining whether an installation on or in real property is or is not a fixture are as follows:

"The term 'fixture' is generally used in reference to some originally personal chattel which has been actually or constructively affixed either to the soil itself, or some structure legally a part of such soil.

"The tests by which a fixture is determined are generally these:

"(1) Annexation to the realty, either actual or constructive;

"(2) adaptation to the use of that part of the realty with which it is connected;

"(3) the intention of the party making the annexation to make the article a permanent accession to the freehold,—this intention being inferred from the nature of the article annexed, the situation of the party making the annexation, the mode of annexation, and the purpose for which it was annexed."

No clearer rule or standard appears anywhere, and it has been consistently followed by this court.

In the Homeseekers' case, 163 Md. 541, 163 A. 841, liberally quoted from in both briefs, the action was at law, in replevin, for the recovery of an oil burner in a coal furnace which was in the property at the time of its sale to the vendees (mortgagors) who had contracted for the burner with the plaintiff (appellee). In that case it was held that the question whether it was a fixture was for the jury. The judgment being for the plaintiff, an appeal was affirmed.

In *Abramson v. Penn*, 156 Md. 186, 143 A. 795, it was held that ten gas steam radiators which had been installed in a garage were the personal property of a conditional sales vendor, and not real property so attached to the freehold as to make them fixtures. In that case, in an opinion by Judge Offutt, in showing the difference between personal property and fixtures it was said (page 194 of 156 Md. page 798 of 143 A): "If one sold a steam-heating system which, if used at all, must necessarily be permanently annexed to and incorporated with some freehold, he would be bound to know that, when so in-

corporated, it would lose its character as personalty and become real estate." In *Heating and Plumbing Finance Corporation v. Glyndon Permanent Building Association*, 167 Md. 222, 173 A. 198, the appellant excepted to the ratification of a mortgagees' sale of property in which its assignor had installed a complete hot-water heating system, because the mortgagee had advertised and sold the heating equipment of the appellant. It was held that the appellant had no interest, on its contention, in the property, but that its remedy was at law, in replevin; but this court there expressed the opinion that the heating plant was a fixture and not personalty, and quoted from *Abramson v. Penn, supra,* in support of the expression of its opinion in the later case. It was urged by the appellant that we should not follow it because the part of the opinion quoted was *obiter.* The same criticism or comment could be made of the case in 167 Md. 222, 173 A. 198. They will, however, be *obiter* no longer, unless and until overruled, as we are here passing on the merits of the case, and by our decision adopt the opinions expressed in both cases (156 Md. 186, 143 A. 795, and 167 Md. 222, 173 A. 198) as the law of this case. The judgment appealed from will, therefore, be affirmed.

*Judgment affirmed, with costs.*