894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sharon Faye HEUER; Violet Marie Heuer, Plaintiffs-Appellants,
v.
FOREST HILL STATE BANK; Wood Home Sales, Inc.; Vernon
Wood, Individually and in his capacity as Officer
of Wood Home Sales, Inc.; Derose
Industries, Inc., Defendants-Appellees.
 No. 89-2367.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1989.
Decided: Jan. 16, 1990.
 
 Mercedes Casado Samborsky, for appellants.
 Nell Berelson Strachan (Venable, Baetjer & Howard, on brief); Patrick Giles Cullen (Rollins, Smalkin, Richards & Mackie; James H. Thomas, Blakinger, Byler & Thomas, P.C., on brief), for appellees.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sharon Faye Heuer and Violet Marie Heuer appeal the dismissal of their state and federal claims against the Forest Hill State Bank (the Bank), Wood Home Sales, Inc., Vernon Wood, and DeRose Industries, Inc. (collectively Wood Home Sales). In this appeal, the Heuers challenge the rulings of the district court that the Bank was entitled to summary judgment on their claim asserted under the Truth in Lending Act, 15 U.S.C.A. Secs. 1601 et seq. (West 1982 & Supp.1989), and that there was no federal subject matter jurisdiction over the claims asserted against Wood Home Sales because the National Manufactured Housing Construction and Safety Standards Act of 1974 (NMHCSSA), 42 U.S.C.A. Secs. 5401-26 (West 1982 & Supp.1989), does not confer a private cause of action.[1] We affirm.
 
 I.
 
 2
 This dispute centers around a ten-acre tract of land in a residential area owned by Violet Heuer. After a fire destroyed their dwelling on the property, the Heuers lived in a partially renovated residential barn. In December of 1986, they decided to purchase a manufactured home and applied to the Bank for a loan to finance the purchase from Wood Home Sales. A loan of $45,500 was approved and at the closing on January 29, 1987, Violet Heuer secured the loan with a Deed of Trust on the ten-acre tract of real estate and any improvements thereon. The Bank did not give the Heuers a notice of a right to rescind.
 
 
 3
 On February 11 and 12, 1987, the manufactured home was delivered to the Heuer property and installed on a foundation of concrete piers in preparation for connections of water, sewer, and electricity. After delivery, a dispute developed between the Heuers and Wood Home Sales regarding certain alleged defects in the manufactured home and the omission of a formaldehyde notice as required by NMHCSSA regulations. See 42 U.S.C.A. Sec. 5409(a)(1); 24 C.F.R. Sec. 3280.309 (1989) (requiring each manufactured home to have a formaldehyde health notice prominently displayed in the kitchen). The Heuers attempted to rescind both the loan from the Bank and the purchase of the home from Wood Home Sales.
 
 II.
 
 4
 Under 15 U.S.C.A. Sec. 1635(a), lenders are required to give borrowers a three-day right of rescission for certain transactions. Section 1635(a) states:
 
 
 5
 [I]n the case of any consumer credit transaction ... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction.... The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.
 
 
 6
 Some transactions, including "residential mortgage transaction[s]," are exempted. 15 U.S.C.A. Sec. 1635(e)(1). The Truth in Lending Act defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust ... or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C.A. Sec. 1602(w). "The term 'dwelling' means a residential structure or mobile home." 15 U.S.C.A. Sec. 1602(v).
 
 
 7
 The Heuers argue that the Bank did not intend to acquire a security interest in the manufactured home but, instead, was interested solely in acquiring a security interest in the real estate upon which the home was to be erected. The Heuers point to the Deed of Trust and other Bank documents which did not specifically mention the manufactured home. The Heuers reason that if no security interest was intended to be acquired in the manufactured home, the transaction was not exempt under the Truth in Lending Act because the definition of "residential mortgage transaction" requires that a security interest be created or acquired in the dwelling, here the manufactured home. If the Heuers are correct, they are entitled to rescind the loan transaction.
 
 
 8
 While the Heuers present an appealing case, the record is clear that this loan was for the purchase of the manufactured home. Indeed, the check issued by the Bank was made payable jointly to Wood Home Sales and the Heuers. Furthermore, in the complaint the Heuers concede that "[t]he new mobil [sic] home [was] to be used as a residence for [Violet Heuer], Sharon Heuer and Sharon Heuer's newborn baby son, Lenny." The complaint also states that concrete piers, built to accommodate the home, were installed and that the manufactured home was connected to the property.
 
 
 9
 The Deed of Trust executed by Violet Heuer stated that the Bank had a security interest in the 10-acre tract of real property and "all the improvements now or hereafter erected on the property ... and all fixtures now or hereafter attached to the property...." Under Maryland law the tests by which a "fixture" is determined are as follows:
 
 
 10
 "(1) Annexation to the realty, either actual or constructive;
 
 
 11
 "(2) adaptation to the use of that part of the realty with which it is connected;
 
 
 12
 "(3) the intention of the party making the annexation to make the article a permanent accession to the freehold,--this intention being inferred from the nature of the article annexed, the situation of the party making the annexation, the mode of annexation, and the purpose for which it was annexed".
 
 
 13
 Schofer v. Hoffman, 182 Md. 270, 274, 34 A.2d 350, 351 (1943) (quoting Dudley v. Hurst, 67 Md. 44, 47, 8 A. 901, 902 (1887)). The most important of the above tests is determining the intent of the parties as gathered from the nature of the subject matter and the conduct of the parties. See Dermer v. Faunce, 191 Md. 495, 500, 62 A.2d 304, 306 (1948).
 
 
 14
 The manufactured home here was attached to the real estate with the intention that the home would become the residence of the Heuers. It follows that the manufactured home was intended to become a permanent accession to the real property and was, therefore, a fixture under Maryland law. The Deed of Trust stated that the Bank acquired a security interest in all fixtures. When the manufactured home became a fixture the Bank acquired a security interest in it by way of the Deed of Trust. Because the Bank acquired a security interest in the manufactured home, the transaction was a "residential mortgage transaction." Since residential mortgage transactions are exempt from the requirement that the lender provide a three-day right of rescission, the district court correctly dismissed the Truth in Lending Act claim.
 
 III.
 
 15
 The Heuers also argue that their claim against Wood Home Sales for failure to provide a formaldehyde notice is actionable under the NMHCSSA, contending that this statute confers a private cause of action.
 
 
 16
 In Cort v. Ash, 422 U.S. 66 (1975), the Court established several factors to consider when deciding whether a federal statute includes an implied private cause of action. The factors include: (1) whether the plaintiff is a member of the class that the statute was designed to protect; (2) whether there is any indication of legislative intent either to create a private cause of action or to deny one; (3) whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) whether the claim is one which traditionally has been relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law. Id. at 78. In Newcome v. Esrey, 862 F.2d 1099 (4th Cir.1988), this court stated that "unless the second and third Cort factors created the necessary inference of congressional intent, 'the essential predicate for implication of a private remedy simply does not exist.' " Id. at 1103 (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 145 (1985)).
 
 
 17
 The language of NMHCSSA shows no congressional intent to create a private cause of action. And, importantly, the legislative history demonstrates that the intent of Congress was to leave enforcement of the standards of the act to the states. "The [NMHCSSA] contemplates that to the maximum extent, the enforcement of the standards would be taken on by the States under plans approved by the Secretary." S.Rep. No. 693, 93d Cong., 2d Sess. 72, reprinted in 1974 U.S.Code Cong. & Admin.News 4274, 4340. Even though the Heuers are members of the class that the statute is designed to protect and a private cause of action may be consistent with enforcement of the Act, the language of the Act and the legislative history preclude the necessary inference that a private cause of action was created.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The Heuers' pendent state law claims against the Bank were dismissed for lack of federal subject matter jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966)