STEERE & TINKHAM *v.* WHIPPLE WALLING, Town Treasurer.

Movable machinery, which, by section 12, Ch. 38 of the Revised Statutes, is to be taxed in the town where it is situated, is not thereby made, nor by virtue of the exception in section 2, Ch. 144 of the Rev. Stat., to be treated, for the purposes of taxation, as real estate, and to be taxed specifically; but is to be deemed, according to its nature, to be a portion of the personal property of its owner, from the value of which, under the provisions of the 11th section of Ch. 39 of the Rev. Stat., the actual indebtedness of the owner shall be deducted, and a tax levied only upon the excess.

ASSUMPSIT, with the money counts, to recover of the defendant, as town treasurer of the town of Burrillville, the sum of

two hundred dollars.    The case was submitted to the court, under the general issue, upon the following agreed statement of facts :—

"It is agreed, that the electors of the town of Burrillville did, on the 2d day of April, 1862, legally levy a tax on the ratable property of the same ; that the assessors of said town were legally appointed, and gave legal notice of the time and place of their meeting for the purpose of assessing the·same, and did assess the plaintiffs in the sum of $147.73, on real estate, valued at ———— dollars, and the sum of $99.00, on machinery, tools, and apparatus owned by them and used and employed by them in their manufacturing establishment in said town,—said machinery, tools, and apparatus being valued at $22,500, and being other than what is declared to be real estate by section 3, Ch. 38 of the Revised Statutes ; that the plaintiffs, at the time of said assessment, were indebted to an amount much larger than the value of all their personal property, and appeared before the assessors at their said meeting, and made oath that their indebtedness exceeded in amount the value of all their personal property, but that said assessors refused to deduct their indebtedness from the value of said machinery, tools, and apparatus, and assessed the plaintiffs on the same in the sum of $99.00 ; that said assessors, after completing the assessment of the property in said town, signed the same, and deposited it in the town clerk's office of said town ; that the town clerk made a copy of the same and delivered it to the town treasurer of said town, who issued a warrant under his hand and seal and affixed a copy of said assessment thereto, directed to the collector of taxes of said town, commanding him to proceed and collect the several sums of money therein expressed, of the persons and estates liable therefor, by the time directed by said town, and to pay the same to him, or to his successor in said office ; that said tax collector did demand of the plaintiffs said sum of $99.00, assessed on said machinery, tools, and apparatus as aforesaid, which the plaintiffs paid under protest, on the 30th day of August, 1862, and that said tax collector then paid said sum to the said treasurer of said town ; that the plaintiffs, on the          day of          presented to the town council of said town a particular account of their claim for the sum of $99.00,

the amount of said tax paid by them under protest as aforesaid, and that the town treasurer did not, within thirty days after the presentment of said demand as aforesaid, make just and due satisfaction of said demand, and that more than thirty days elapsed between the making of said demand and the commencement of this suit.

"It is also agreed, that if the assessors ought not, under the facts above stated, to have assessed a personal property tax upon the plaintiffs, that the plaintiffs are to recover the amount paid by them, with interest from the time of payment; otherwise, judgment is to be rendered for the defendant."

*S. S. Lapham, for the plaintiffs:*—

The plaintiffs' indebtedness should have been deducted from the amount of the machinery, tools, and apparatus, owned by the plaintiffs, and used in their manufacturing establishment in the town of Burrillville,—section 11 of Ch. 38, of the Revised Statutes providing, that the actual indebtedness of the person taxed shall be deducted from the amount of his personal property. The plaintiffs, being indebted in a sum much larger than the amount of their personal property, should not have been assessed on this kind of property. By the common law, all fixtures, tools, machinery, and apparatus, used in manufacturing establishments, were regarded as personal property. Section 3 of Ch. 38, of the Revised Statutes, changes the character of a portion of such property from personal to real estate. See also Ch. 144, § 1. Section 12 of Ch. 38, provides, that certain machinery therein enumerated shall be taxed in the town where the same is situated. From this provision, it is evident, that this species of property is regarded by the statute as personal property; otherwise the provisions of this section would be useless,— real estate being taxed in the town where it is situated. In the agreed statement of facts it is admitted, that the machinery, tools, and apparatus, upon which this assessment is made, is other than that enumerated in section 3 of Ch. 38, and section 1 of Ch. 144, of the Revised Statutes.

The only effect of section 2 of Ch. 144, of the Revised Statutes, is to recognize the provisions of section 12, Ch. 38, of the Revised Statutes, which makes machinery and live stock

taxable in the town where it is situated, when the owner thereof does not live in the same town. In this case, the owners of the machinery, tools, and apparatus taxed, lived in the same town where it was taxed.

*B. N. Lapham, for the defendant :*—

The plaintiffs' indebtedness should not be deducted from the amount of the machinery, tools, and apparatus, owned by them, and upon which this levy was made ; because section 11 of Ch. 38, of the Revised Statutes, provides that the actual indebtedness of the person shall be deducted only from the amount of the personal property owned by him. There being but two species of property known to the law for the purpose of taxation,— personal and real,—the machinery, tools, and apparatus of the plaintiffs, upon which this levy is made, must be, either personal or real property, for the purpose of taxation. Section 2 of Ch. 144, of the Revised Statutes provides, that this species of property shall be regarded as personal property, for all purposes except in the assessment and payment of taxes,—an express provision of the statute providing, that for the purpose of assessment and payment of taxes it shall not be regarded as personal property; it must therefore necessarily follow, that, for that purpose, it must be considered and treated as real estate.

BULLOCK, J. The only question considered in this case is, whether the indebtedness of the plaintiffs shall be deducted from the value of certain movable machinery, &c., owned by them at the time this assessment was made.

At common law, fixed and movable machinery were alike regarded as personal property. Our statute has altered the rule of the common law in this respect, so far as to declare, that for all purposes of taxation, (Rev. Stat. Ch. 38, § 3,) and for all purposes, (Ib. Ch. 144, § 1,) fixed machinery shall be regarded as real estate, when owned by the owners of the real estate to which it is affixed. Some kinds of machinery possess more of the quality of immobility than some classes of buildings ; and our law recognizes this great distinction, in fact, between fixed and movable machinery. The statute not only declares what, in certain cases, shall be regarded as real estate, but what also, for purposes of taxation, shall be deemed to be personal property.

In the enumeration of this latter property, "all goods" and "chattels" are included.

The defendant contends, that *movable* machinery, tools, &c., are, for the purposes of taxation, real estate, and cites, in support of this, section 2, Ch. 144, of the Revised Statutes. This section declares, in effect, that certain machinery, &c., shall be considered personal estate in assignments of dower, in attachments, and in all cases except in the assessment *and payment* of taxes; but it does not expressly declare the classes of machinery therein referred to, to be real estate, nor imply even, that in all cases, it shall be specifically taxed. The first section, Ch. 144, declares that fixed machinery belonging to the owner of the land upon which it is situate, shall be, for all purposes, real estate. The intent, we think, of section 2, was to declare all other fixed machinery,—that is, fixed machinery not belonging to the owner of the land,—and *all* movable machinery, to be personal property. The purpose of Ch. 144 is not to enact when, how, or to whom, property is taxable, but, primarily and mainly, if not wholly, to declare what, in certain cases, is real, and what personal, estate, for purposes of conveyance, attachment and the like,—and so its title indicates. Now the general rule is, that personal property for purposes of taxation, and for all purposes, follows the owner. If section 2, Ch. 144, had declared this class of property to be personal, without exception or qualification, it would, by virtue of this general rule, have been taxed in the town where its owner resides; but section 12, Ch. 38, of the act regulating the levying and assessment of taxes, enacts, that it shall be taxed in the town in which it is situated. The intent of the *exception* in section 2, Ch. 144, was not, therefore, to make that real which is, in its nature and essence, personal, since it distinctly affirms the personality of this species of property, but to reconcile its provisions with those of section 12, before referred to. If we are right in holding that movable machinery, &c., is, for purposes of taxation, personal property, then it may claim every exemption accorded by the statute to this species of property. The 11th section, Ch 39, "*of the levy and assessment of taxes,*" enacts, that in assessing the value of personal property for purposes of taxation, the

actual indebtedness of the owner shall be deducted from such valuation, and a tax levied only upon the excess.

In this case, it is agreed, that at the time the assessment was made, the plaintiffs were indebted in a much larger amount than the value of all their personal property. Judgment is therefore rendered for the plaintiffs for the sum of $99, and interest thereupon from the 30th day of August, 1862, and costs.