JOHN E. F. SCHAPER *vs.* BENTLEY C. BIBB and ABRA-
HAM W. STEHMAN, surviving partners of B. C. BIBB
& SON.

*Mechanics' lien—Continuous contract—Fixtures, when con-
sidered Part of a House.*

A contract was made for furnishing a range and two fire-place
heaters, with necessary attachments, for each of twenty-three
houses, then being, or about to be, erected on certain contiguous
lots in the City of Baltimore, at a specified price for the same
per house. HELD:

That the contract was an entire and continuous one for all the
ranges and fire-place heaters to be furnished for the twenty-three
houses, and the contractors had six months from the completion of
the entire contract within which to file their claim for mechanics'
lien, although as to some of the houses the contract was com-
pleted more than six months before said claim was filed.

The evidence showed that the intention of the parties for whom
the houses were built, in fitting the ranges, and fire-heaters with
their attachments in the houses while in course of construction,
was to put them in as permanent fixtures, and as part and par-
cel of the finish of the houses; and that it was the universal
understanding and practice among builders and material men in
Baltimore, that not only was a cooking or kitchen range neces-
sary, but fire-place heaters with their attachments, were equally
necessary to the finish and completion of a modern dwelling-
house of the class to which said houses belonged; and that such
fixtures were regarded as essential parts of the house. HELD:

That said ranges and heaters, with their necessary attachments of
pipes, registers, &c., were materials furnished for or about the
finish of said houses for which, and for the work of putting them
up, the contractors were entitled to a lien upon the houses under
the provisions of the mechanics' lien law.

As a general rule, it may be stated, that whether a thing which may
be a fixture becomes a part of a building by annexing it, depends
upon the intention with which it is done.

10                     v. 71

APPEAL from the Circuit Court of Baltimore City.

This appeal is taken from a decree passed by the Court below (DENNIS, J.,) in favor of the complainants. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Joseph C. France*, for the appellant.

As the lot upon which the house was being built belonged to George H. Dobson, Jr., the preliminary notice of sixty days, required by the Code, was necessary, and as no such notice was given, the lien cannot be maintained. *Art. 63, sec. 11, of the Code; Reindollar vs. Flickinger*, 59 *Md.*, 469.

The lien claim was filed too late. The work was finished on the 12th of December, 1887. The lien was filed on the 16th of June, 1888—more than six months thereafter. *Okisko Co. vs. Matthews*, 3 *Md.*, 168.

The portable stoves, pipes and registers, constituting sixty per cent. of the claim, are not such materials as the Code gives a lien for. *Phillips on Mechanics' Liens, secs.* 175-177; *Lambard vs. Pike*, 33 *Maine*, 141; *Baker vs. Fessenden*, 71 *Maine*, 292; *Baldwin vs. Merrick*, 1 *Mo. Appeals*, 281; *Jarechi, et al. vs. Philharmonic Society*, 79 *Penna. State*, 403; *New England Car Spring Co. vs. B. & O. R. R. Co.*, 11 *Md.*, 81.

If the appellees contend that the portable heaters are "machines," then the remedy given by our law is against the machine and not against the building. *McKim, et al. vs. Mason, et al.*, 3 *Md. Ch. Dec.*, 210; *Wells and Miller vs. The Canton Co.*, *et al.*, 3 *Md.*, 234.

If the portable heater is not a "machine," then, under the terms of the statute, it must constitute "material used in the erection of a building."

Schaper *vs.* Bibb, *et al.*

*Morris P. Stevens*, and *Francis Putnam Stevens*, for the appellees.

*Weber vs. Weatherby, et al.*, 34 *Md.*, 660, was a claim for a furnace, bricked in the cellar of the house. The opinion in this case says: "It would fasten a lien on the house to which the fixture was attached, according to a fair interpretation of the law."

The complainants contend that they have a lien for both range, and fire-place heaters, and the work done in placing them in the house. The evidence proves that the goods were furnished and the work was done and not paid for. That the contract was a continuous one, and the lien attached to the dwelling of the appellant, even though the work on this particular house was done more than six months before the filing of the lien. *Treusch & O'Connor vs. Shryock & Clark*, 51 *Md.*, 162.

The house in question was one of the twenty-three described in the contract with Wilson & Co., which firm was composed of Elwood J. Wilson and Geo. H. Dobson, Jr., and was part of the co-partnership property. The firm acknowledged the indebtedness, and made various payments on account of the bill. The lien, and the bill avers that the firm of Wilson & Co. was composed of Elwood J. Wilson and George H. Dobson, Jr., and that they were *the owners* of the property, to which there is no denial, either by the original defendants, or by Schaper, in his answer, who admits he purchased the property from George H. Dobson, Jr.

ALVEY, C. J., delivered the opinion of the Court.

The mechanics' lien law provides that every building erected "shall be subject to a lien for the payment of all debts contracted for *work done* or *materials furnished for or about the same;*" and the Legislature has expressly required that this law shall be construed liberally as a remedial law. Even without the express direction of

the Legislature, this Court said, in *Blake vs. Pitcher & Wilson*, 46 *Md.*, 464, that the general language of the statute plainly indicates that the most liberal and comprehensive meaning should be given its provisions in favor of mechanics and material men.

In this case the question is, whether the claim of the appellees, being for range, fire-place heaters, and the usual accessories of pipes, registers, &c., and work done in placing these articles in the house of the appellant, then in course of erection, is such as entitled the appellees to a lien therefor on the house, under the provisions of the statute?

The facts are, as shown by the record, that Wilson and Company, a firm composed of E. J. Wilson and George H. Dobson, Jr., on the 6th of Dec., 1887, entered into a contract with the appellees for the furnishing by the latter of range and two fire-place heaters, with necessary attachments, for each of twenty-three houses, then being, or about to be, erected by the firm, on certain contiguous lots, the legal title to which appears to have been in Dobson, one of the firm of Wilson and Company. By the contract Wilson and Company were required to pay $56.50 per house, for such range and fire-place heaters, within thirty days after the *completion* of the contract by the appellees; and Wilson and Company were to have the privilege of calling for heaters and ranges as they needed them, provided they did not call, at any one time, for less than heaters and ranges for two houses; and if they did not take *the whole lot* within three months from the date of the contract, then the account for all the articles furnished up to the expiration of that time, should be considered due and payable.

It is quite clear, therefore, that the contract was an entire and continuous one, for all the ranges and fireplace heaters to be furnished for the twenty-three houses.

The range and fire-place heaters for the house now owned by the appellant, being one of the twenty-three, were furnished on or about the 12th of December, 1887; and on or about the 14th of December, 1887, the appellant purchased and took possession of the house. The appellees completed their entire contract, by furnishing all the materials and work required by its terms, by the 4th of Feb., 1888, within the time mentioned in the contract; and from that date the appellees had six months within which to file their claim for record, and it appears that the claim was filed on the 16th of June, 1888, and was therefore within time.

For what purpose and with what intent were the range and fire-place heaters fitted in the house while in course of erection? As a general rule, it may be stated that whether a thing which may be a fixture becomes a part of the building by annexing it, depends upon the intention with which it is done. The character of the physical attachment, whether slight or otherwise, and the use, are mainly important in determining the question of intention of the party making the attachment or annexation. *Hill vs. Sewald,* 53 *Pa. St.,* 271; *Potter vs. Cromwell,* 40 *N. Y.,* 287; *Ewell on Fixtures,* 21, 22. Here there can be no doubt of the intention of Wilson and Company in fitting in the house, while in course of construction, the range and fire-place heaters, with their attachments. It was doubtless the purpose to put in these articles as permanent fixtures and as part and parcel of the finish of the house. The houses were being built for sale or rent, and it was the manifest object to finish them in such modern and improved style, as to convenience and comfort, as would make them desirable residences. This could only be done by finishing the houses by fitting in ranges and fire-place heaters. And this is shown to be the universal understanding and practice among builders and material men in Baltimore. They all, that is, those called as

witnesses, without exception, testify that not only is a cooking or kitchen range necessary, but fire-place heaters, with their attachments, are equally necessary, to the finish and completion of a modern dwelling house of the class to which that of the appellant belongs; and that such fixtures are regarded as being essential parts of the house. And that being so, there would seem to be no reason for holding that the range and heaters, with their necessary attachments, were not materials furnished for or about the finish of the house.

It is not contended, as we understand counsel for the appellant, that the lien does not exist for the range, and its accessories, and the work done in putting it up; but that the lien does not attach for the fire-place heaters and their attachments. It has been decided by this Court, in *Weber vs. Weatherby, et al.*, 34 *Md.*, 656, that the right of lien does exist for both range and furnace erected in a house; and we think, for the same reason that the lien exists for range and furnace, it should exist for the heaters, pipes, registers, &c., fitted in the house as permanent fixtures.

We shall therefore affirm the decree of the Court below.

*Decree affirmed.*

(Decided 11th June, 1889.)