(Decided 20th June, 1893.)

---

## THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY *vs.* JOHN WINAND.

*Taxation—Adding to Assessment of Property—Notice—Mandamus.*

The County Commissioners have no authority to add to the assessment of property without notice to the person assessed; nor to continue the assessment on the tax books, because such person having appeared in consequence of information that he had been assessed, and applying to have the assessment corrected, refuses, while denying the ownership of the additional property, to disclose the name of the true owner.

Where an additional assessment of property has been made by the County Commissioners without first notifying the party assessed, *mandamus* is not the appropriate remedy to compel the Commissioners to strike from the tax books the assessment thus improvidently made.

APPEAL from the Circuit Court for Baltimore County.

County Comm'rs of Baltimore Co. *vs.* Winand.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, ROBERTS, and McSHERRY, J.

*D. G. McIntosh*, for the appellant.

*John I. Yellott*, and *M. W. Offutt*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

The appellee filed a petition in the Circuit Court for Baltimore County, against the County Commissioners of that county, praying that a *mandamus* might be issued commanding the respondents to strike from the tax books an assessment made by them in eighteen hundred and ninety, of certain personal property alleged to belong to the petitioner. An answer was filed, to which, ultimately, a demurrer was interposed, and after a hearing, the demurrer was sustained, and the writ was ordered to be issued as prayed. From that order this appeal was taken.

It appears by those averments of the petition which are not denied by the answer, and by the statements of the answer which are admitted by the demurrer, that the appellee had prior to 1890 been assessed with some real and personal property; that in the year named, his assessment was increased by the addition of six hundred barrels of whiskey, valued at twenty dollars per barrel, and aggregating twelve thousand dollars; that this increase was made without notice to him, but that he was subsequently required "to render an account of all the personal property in his possession, and that he was returned assessed for the year 1890 with an additional assessment of six hundred barrels of whiskey, valued at twenty dollars per barrel." The answer of the County Commissioners proceeds to state, "that the petitioner,

in pursuance of said notice, appeared before the Board of County Commissioners, and did not deny that so much as six hundred barrels of whiskey was then in his possession, but disavowed the ownership of the same. That when interrogated on oath as to the real ownership of said whiskey, the petitioner refused to answer or give information touching the same, and these respondents therefore declined the application of the petitioner to abate the said assessment, and ordered the same to stand against him.''

From these facts it is perfectly manifest that the additional assessment was improvidently made. The County Commissioners are clothed by the statute law of the State with ample powers to assess acquisitions of property, and to re-value that previously assessed. *Code, Art.* 81, *secs.* 18, 137, 145. But notice to the owner affording him an opportunity to be heard before his property is valued, is indispensably necessary to the validity of an assessment. This has been so recently and explicitly decided by this Court, that it is only necessary to refer to those decisions, without repeating the reasons which support them. *County Commissioners of Alleghany County vs. New York Mining Co.,* 76 *Md.,* 549; *County Comm'rs of Alleghany Co. vs. Union Mining Co.,* 61 *Md.,* 545. Obviously, then, an assessment made without a preliminary notice having been given, and therefore erroneously made, cannot be treated as regular because the tax-payer subsequently applies for a correction—he having appeared in consequence of information that he *had been* assessed, and not because of a notice that he *would be* assessed. The answer from which we have quoted clearly shows that the assessment had been made *before* the appellee was notified, and that, upon his refusal to disclose the name of the owner of the property so valued and assessed to him, the County Commissioners declined to abate the assessment. They continued it on the tax-

books in his name, not because he was the owner, or because they had any evidence that he was the owner, but because he refused to disclose who was the owner. As taxes are not levied upon property, but are imposed upon the individual according to his actual worth in real or personal property, the additional assessment charged against the appellee cannot be upheld merely because he declined, whilst denying that he was the owner, to reveal the name of the person to whom the property really belonged. The law does not allow County Commissioners to assess an individual without notice; nor, when he applies to have an assessment thus made set aside, does it warrant them in continuing to charge him merely because he will not or cannot state to whom the assessed property actually belongs.

The assessment of the six hundred barrels of whiskey to the appellee cannot therefore be upheld. It was improvidently made, and no taxes can be collected from him on account of it. But is the writ of *mandamus* the appropriate remedy for him to invoke? This question was not raised or considered by the Circuit Court, but the demurrer to the answer, mounting as it does to the first error, presents it for decision here.

Where a matter is within the jurisdiction of an inferior tribunal and subject to its discretion, but the action taken upon it is irregular, though not a usurpation of power, the remedy of a party aggrieved is not by *mandamus*. The County Commissioners had the undoubted authority to add to the assessment of the appellee whatever taxable property he possessed, and its valuation was left by the law to their sound judgment and discretion, from which there is no appeal. They exercised that authority improvidently, but they did not assume a power which they did not in reality possess. What they did was not in excess of their jurisdiction, but was an erroneous exercise of a conceded authority. It has

been held that *mandamus* will lie to compel assessors to strike from the assessment roll *non-taxable* property which they have included in it, because their proceedings in such a case would be clearly in excess of their jurisdiction. Under such circumstances, nothing is submitted to their discretion, and the subject-matter of the controversy is put by the law beyond their authority and they can lawfully neither list it nor value it. *Cooley on Taxation,* (*2nd Ed.*), 732, *and cases there cited.* On page 822 of the same work the learned author says : "A summary remedy by the writ of *mandamus* may be had by parties illegally assessed in a few cases * * * * * They embrace cases in which the property or subject taxed is not taxable by law, and the remedy is given by compelling the proper officer to strike off the assessment or to discharge the tax."

The case at bar does not fall within the group to which Judge COOLEY alludes. The property here was not non-taxable, and the County Commissioners had an irreviewable discretion in placing a valuation upon it. They merely erred in assessing it without having first given notice to the owner. Such an error vitiates, it is true, the assessment, and an injunction would effectually restrain the collection of any tax levied thereon.

As a writ of *mandamus* is not the appropriate remedy, the petition should have been dismissed, and doubtless would have been, had the question been raised or suggested in the Court below. Though the assessment is irregular, the order directing the writ of *mandamus* to issue must be reversed, and the petition must be dismissed.

> *Order reversed, and*
> *petition dismissed, with*
> *costs above and below.*

(Decided 20th June, 1893.)