# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 26, 1897.

WALLACE STEBBINS
VS.
ELLA CULBRETH.

*Gans & Haman* for plaintiff.
*Richard S. Culbreth* for defendant.

STOCKBRIDGE, J.—

In May, 1895, Miss Culbreth having become the owner of the property known as the Albion Hotel, and finding the boiler in the basement or cellar intended and in use to generate the steam for the heating of the building insufficient for that purpose, entered into a contract with a certain George F. Simonson to "repair" the boiler and heating apparatus, increasing its capacity so that the building might be properly heated. This contract having been entered into, the said Simonson entered upon the work, procuring therefor a new boiler and other necessary materials from the plaintiff, Wallace Stebbins, which were put in place on the premises. There is some testimony going to show that this agreement was entered into upon the part of Miss Culbreth only after and upon the guarantee of the plaintiff that the contractor was fully capable and able both mechanically and financially to carry the work successfully through.

Upon the work being completed, the amount of the contract price was paid by Miss Culbreth, either in cash or by her promissory note, to the said Simonson, and he failed to pay the plaintiff for a considerable portion of the materials which had so been furnished, and thereupon and within the time prescribed by statute the plaintiff gave notice to Miss Culbreth of his intention to claim a lien and subsequently filed his claim for a mechanic's lien under Section 22 of Article 63 of the Code of Public General Laws, which he now seeks to have enforced in this proceeding.

The section in question in this case is that provision of the Code which declares that "every machine * * * shall be subject to a lien in like manner as buildings are made subject to the provisions" of the mechanics' lien law; and there is no dispute with regard to the fact that in case the right of the plaintiff to maintain a lien rests not upon Section 22 of Article 63, but upon Section 1, that the repairs or rebuilding in question do not amount in value to one-fourth of the value of the entire property, and that no right of lien would exist; but it is asserted upon behalf of the plaintiff that this boiler, with its attachments, the repairs to which did amount to considerably more than one-fourth of the value of such boiler and apparatus, is subject to a lien as a machine under the wording of Section 22. The first question for determination therefore is whether or not a boiler with its attachments designed for the generating of steam for the purposes of heating a house is to be deemed and taken as a machine within the intent of the act.

The Mechanics Lien Law, as it relates to Baltimore City, dates from the Act of 1838, Chapter 205, by which a lien was given to mechanics and material men for labor and materials entering into the construction of a building. In this law no mention is made at any point of a machine, and it is important, therefore, to determine how much was necessarily and properly included for which a lien might be maintained, under the provisions of this Act. It has been held in construing this Act that the engine and boiler placed in a manufactory at the time when it was built, or rebuilt, and which became attached as fixtures to the freehold were proper subject matter for the application of the mechanics lien.

McKim vs. Mason, 3 Md. Chan. 187.

Denmead vs. Bank of Balto., 9 Md. 184.

And the act was further declared to include the right of a material man to a lien for furnaces for heating a dwelling, in the case of Weber vs. Weatherby, 34 Md. 661, and fireplace heaters in the case of Bibb vs. Shaper, 71 Md. 145, and under an almost exactly similar statute in Pennsylvania, it was held to apply to the steam-heating, laundry and cooking apparatus for a hotel, in Dimmick vs. Cook & Co., 115 Pa. It is apparent therefore, that for an apparatus such as that described as having been furnished by the plaintiff in this case, there was a clear right of lien, under the provision of the Act of 1838, as now incorporated in the Code.

The Act of 1845 was, in terms, a supplement to the Act of 1838, and its evident purpose and intent, therefore, was not under a different form of language to declare a right which already existed, but to add to such existing rights,

and in that Act we find for the first time the word "machine," used as an addition to the catalogue of materials or work for which a mechanics' lien might be maintained. It must be assumed that the legislative intent in the passage of this Act was to give a right of lien where, up to that time, such right had not existed, otherwise the Act would be simply declaratory in its nature, but an examination of the Act affords no evidence of any such intent, and it must follow, therefore that under the term machines it was not the purpose of the Legislature to grant a right of lien where one already existed.

That such right did exist for apparatus of the character mentioned in this case by virtue of the Act of 1838 seems clear, and, if so, it would also seem to follow that it was not in the legislative mind to include under the term machine a heating apparatus, which had already been fully provided for.

I am therefore unable to construe the apparatus in this case as being a "machine" within the proper interpretation of that term as used in Section 22 of Article 63, and therefore cannot find that the plaintiff's right of lien is maintainable under the provisions of that section, and inasmuch the repairs made to the building confessedly do not amount to one-fourth of the entire value of the building, no right of lien exists. It becomes immaterial, therefore, to consider the question of estoppel raised in this case, and the bill will be dismissed.