# THE COUNTY COMMISSIONERS OF ANNE ARUN-DEL COUNTY *vs.* THE BALTIMORE SUGAR RE-FINING CO.

*Taxation—Machinery of a Manufacturing Corporation Not Assessable as Part of its Real Estate—Mandamus to Strike Out Illegal Assessment—Demurrer.*

The machinery of a domestic manufacturing corporation is not subject to taxation as part of the real estate, when the shares of stock are taxed.

Under Code, Art. 81, sec. 141, etc , the real estate owned by a corporation is assessed for taxation by the County Commissioners of the county where it is situated, who transmit a copy of the assessment to the State Tax Commissioner. The aggregate value of all the shares of a corporation, as derived from all of its property, is determined by the State Tax Commissioner, and from this he deducts the assessment so placed on its real estate. The residuum constitutes the valuation of the shares subject to taxation in the municipalities where the owners reside. The personal property of the corporation is not separately assessed. *Held,* that under these provisions the machinery of a manufacturing corporation is valued for taxation by the State Tax Commissioner as constituting part of the aggregate value of the shares of stock and cannot be valued by the County Commissioners as constituting part of the real estate to which it is annexed.

When the County Commissioners have improperly assessed for taxation machinery as being part of the real estate of a corporation, a writ of *mandamus* is the proper remedy to cause them to strike from their books the illegal assessment.

Code, Art. 81, sec. 184, providing for the filing of a petitition to correct an improper assessment after the return by the Board of Control, is not applicable to this case ; and moreover, that section was simply a part of the machinery of the first assessment under the Act of 1896, and having been completely executed is now without effect

The answer to the petition for a *mandamus* did not aver that the machinery of the manufacturing establishment was real estate, but argued that it was because permanently annexed to the building. *Held,* that since a demurrer admits only facts well pleaded and not conclusions of law, a demurrer to the answer does not admit that the machinery is real estate.

Appeal from the Circuit Court for Anne Arundel County (JONES, C. J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Pearce and Schmucker, JJ.

*E. C. Gantt* (with whom was *Jas. P. Bannon* on the brief), for the appellant.

*James M. Munroe* and *Robert P. Graham* (with whom was *James E. Ingram, Jr.*, on the brief), for the appellee.

Pearce, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Anne Arundel County, commanding the County Commissioners of that county to strike from their assessment books, an alleged illegal assessment.    The petition of the Baltimore Sugar Refining Company alleges in its first paragraph, that it is a corporation of the State of Maryland, having a capital stock divided into shares which are subject to taxation under the laws of this State; in its second paragraph, that it owns a parcel of land in Anne Arundel County improved by buildings, worth one hundred thousand dollars, and that it also owns certain personal property in said county, of the value of two hundred thousand dollars; in its third paragraph, that its real estate in Anne Arundel County is assessed by the Commissioners of that county at three hundred and six thousand dollars, and that its personal property in said county is assessed by said Commissioners at four hundred and twenty-five thousand dollars, and that it appears from Exhibit B, filed with said petition, being a copy of said assessment, that said personal property is machinery used in said buildings; in its fourth paragraph, that sec. 4 of Art. 81 of the Code of Public General Laws of Maryland, providing for the assessment of real and personal property, does not apply to personal property owned by corporations of Maryland, having shares of stock subjected to taxation under the laws of Maryland; and in its fifth paragraph, that the petitioner has requested the County Commissioners of Anne Arundel County, to abate, and strike from its assessment books the assessment of said machinery as personal property, which they have refused to do.

To this petition the County Commissioners entered a general demurrer, and this being overruled an answer was filed.

The answer admits the averments of the first paragraph of the petition, and so much of the averments of the second paragraph as refer to the land and buildings thereon, but denies that the petitioner owns any personal property in said county, assessed on respondents books.

It does not admit the averments of the third paragraph of the petition, and charges that the schedule of property assessed and valued to the petitioner, mentioned in Petitioners Exhibit B, was made and returned by the assessors appointed under the Act of 1896, ch. 120, and was approved by the said County Commissioners as the Board of Control and Review for Anne Arundel County as directed by law; and also avers that "the property so scheduled and assessed, consists of lands and buildings thereon, and certain machinery therein and thereto attached," and that, "said machinery, so assessed, is actually and in fact an inseparable part of the real estate * * * and is united, joined and connected therewith, in an absolute, permanent and inseparable manner."

Answering the fourth paragraph of the petition, it admits that the personal property of a corporation, having a capital stock subject to taxation, is exempt from assessment, but it proceeds to make the following averment; "that the petitioner, in making its returns of the value of its shares of stock to the State Tax Commissioner, transmitted to him, as authorized by law, a duplicate of the aforesaid schedule and assessment, including the item 'machinery,' all of which valuation, at the instance of the petitioner, was deducted from the aggregate value of the shares of stock of the said petitioner, as directed by law, such being claimed as real property."

In answer to the fifth paragraph of the petition, the respondent admits the demand for and the refusal of the abatement.

The petitioner joined issue on the second paragraph of the answer, demurred to the third and fifth paragraphs, and replied to the fourth, denying its allegations. Issue was joined upon these demurrers and upon the replication, and the case was

tried before the Court without a jury.   Three prayers were offered by the petitioner, which were granted, and the demurrers to the third and fifth paragraphs of the answer were sustained, and the *mandamus* was ordered to issue.   There was no exception to the ruling on the prayers and this is therefore not open for review, though if it were, we should have no difficulty in sustaining it.   We have only to consider the ruling upon the two demurrers, both of which present the same two questions for decision; first, whether the machinery in question is personal property included in the valuation of the shares of stock of the corporation, and which therefore could not be legally assessed by the County Commissioners of Anne Arundel County; and if so, then second whether, the writ of *mandamus* is the appropriate remedy.

The classification of property for taxation, as real or personal, is usually made on common law distinctions, though by statute it may be otherwise provided.   *Cooley on Taxation*, p. 366.   "At common law, fixed and movable machinery are alike regarded as personal property."   *Steere* v. *Walling*, 7 R. I. 317.   In that State, a statute so far altered this rule of the common law in that respect, as to declare that for purposes of taxation, fixed machinery should be regarded as real estate when owned by the owners of real estate to which it is affixed.   But in Maryland there is no such statute. The doctrine of fixtures, as between vendor and vendee, lessor and lessee, mortgagor and mortgagee, though recognized here as to these parties, has never been imported into the law of taxation.   We do not doubt that as between these, this machinery would be held to be part of the realty, but it by no means follows that it should be so held here. The mere fact that a building is constructed and adapted expressly to receive certain machinery, does not necessarily make the machinery part of the realty.   13 *Am. & Eng. Ency. of Law*, 2 ed., p. 608; *Rahway Sav. Inst.* v. *Irving Street Baptist Church*, 36 N. J. Eq. 61.   So, also, there is a clear distinction running through the best considered cases, between machinery furnishing the motive power of the establishment, and that

which is accessory only to the business then carried on.   13 *Am. & Eng. Ency. of Law,* 2 ed., p. 614; *Teaff* v. *Hewitt,* 1 Ohio St. 511; *Hill* v. *Wentworth,* 28 Vt. 428, and this distinction seems to be suggested in *McKim* v. *Mason,* 3 Md. Ch. 202, where CHANCELLOR JOHNSON cites the language of BARON PARKE in *Hellawell* v. *Eastwood,* 3 Eng. Law & Eq. 562, in which he says "the question depends principally on the object and purpose of the annexation, whether it was for the permanent and substantial improvement of the *building,* in the language of the civil law, *perpetui usus causa,* or merely for a temporary purpose, or the more complete enjoyment and use of the machine *as a chattel.*" So that, as respects the taxation of this machinery, there seems to be no sufficient ground for holding that the common law rule is not applicable.

But apart from this view, the whole system of assessing and taxing corporations, as disclosed by Art. 81 of the Code, refutes the contention that this machinery is part of the real estate. Sec. 4 of that Article expressly exempts from taxation, *in specie,* the personal property of any corporation of this State, having capital stock divided into shares, when said shares are subject to taxation under the laws of this State, and the petition in this case expressly declares that this is such a corporation. Section 141 requires the president of every corporation to furnish to the County Commissioners of each county in which such corporation owns real estate, a true statement of all such real estate, and requires the same to be valued and assessed by the County Commissioners, who must transmit a duplicate of such assessment to the State Tax Commissioner. It also requires the assessed taxable value of all such shares of stock to be ascertained by the State Tax Commissioner, who, in order to avoid double taxation, is required to deduct, from the aggregate value of all such shares of stock, the assessed value of all the real estate of each corporation. Real estate *only* being deducted, all machinery, as *personal estate,* is thus necessarily estimated by the State Tax Commissioner in determining the aggregate value of all the stock, from which aggregate the realty is deducted.

Again, section 143 provides generally, that where any county shall have been exempted the machinery of a manufacturing corporation from county taxation, the president of such corporation shall furnish to the County Commissioners a true statement of all such machinery, and that the County Commissioners shall value and assess the same, and shall send to the State Tax Commissioner a certificate of such valuation and assessment, and that he shall deduct such valuation from that determined by him for State taxation, and that this final valuation, thus ascertained, shall be the basis of taxation for shares of stock held in that county. It is obvious that if manufacturing machinery were properly assessable as part of the realty, there would be no room for. the operation of this provision of sec. 143.

Chapter 340 of 1896, pursuing this general scheme of sec. 143 of Art. 81, provides that the County Commissioners of Anne Arundel County, for the encouragement of manufactures, may abate all taxes levied in any year for county or school purposes upon any machinery owned and used by any person or corporation engaged in manufacturing in said county, but forbids any abatement of taxes levied upon any property properly assessable and taxable as real estate, thus emphasizing in a peculiar manner, for Anne Arundel County, the common law rule before mentioned as to taxation of machinery, and the distinction to which we have referred between machinery accessory merely to the business carried on, and that designed and adapted especially for the permanent improvement of the building in which it is located.

The third and fifth paragraphs of the answer do not aver as a fact that this machinery *is real estate*, but *argue that it is such*, because it is there asserted to be united with the building in an inseparable manner. As a demurrer only admits facts well pleaded, and not conclusions of law, the appellants are in error in contending that the demurrer to these paragraphs admits this machinery to be real estate, and as such properly assessable by the County Commissioners to the petitioner, and it follows from what we have said, provided *man-*

*damus* is the proper remedy to be invoked, that the demurrer to the petition was properly overruled, and the demurrers to the third and fifth paragraphs of the answer were properly sustained.

Was the writ of *mandamus* the proper remedy?

JUDGE COOLEY in his work on Taxation, p. 732, says, "The writ will lie to compel assessors to strike from the assessment roll non-taxable property which they have included in it. Here is a clear case of excess of jurisdiction; nothing is submitted to their discretion, because, by the law, the subject-matter of the controversy is put beyond their authority, and they can neither lawfully list it, nor value it. It will lie also where property is assessed to the wrong person, both the public and the individual assessed being concerned in having the assessment so made that a legal and just tax can be levied upon it." In *County Commissioners* v. *Winand*, 77 Md. 525, this passage was cited as a correct exposition of the law, though it was held that the writ was improperly allowed in that case, because what the County Commissioners there did, "was not in excess of their jurisdiction, but was an erroneous exercise of conceded authority." The appellants admit that when that case was decided there was no adequate legal remedy provided for the abatement of an unauthorized assessment. Since that time, however, ch. 120 of 1896, has been enacted, and its 184th section, now sec. 184 of Art. 81 of the Supplement to the Code provides that the owner of property to whom it is valued, and who claims that it is exempt from valuation and assessment may file a petition against the County Commissioners, within thirty days after the return is made by the Board of Control and Review to the County Commissioners, or within thirty days after valuation to the owner and notice to him, setting forth the facts of the case, and the ground upon which exemption is claimed, and that upon hearing, if the Court shall determine that the property is not subject to valuation and assessment, it shall direct the County Commissioners to strike said property from the list, and sec. 186 of Art. 81 gives either party an appeal from the order passed, to

the Court of Appeals. The appellants contend that this Act provides a full, adequate, and specific legal remedy framed directly to effect the desired end, and that *mandamus* therefore will not lie. In *Bembe* v. *Anne Arundel County*, 94 Md. 331, the Court said "there must be a clear legal right in the relator, and there must be an absence of an adequate legal remedy for the vindication of that right before redress by *mandamus* can be accorded." The writ compelling the County Commissioners to repair a defective county bridge was accordingly refused, because secs. 19 to 34 of Art. 25 of the Code, provide a complete and adequate procedure for that purpose; and the Court added, "Should a Court of law upon an application for a writ of *mandamus*, undertake to order the County Commissioners to repair the bridge, it could only do so by deliberately disregarding and repudiating the statutory remedy especially provided to meet just the contingency here presented."

The question here therefore is whether sec. 184 of Art. 81 is applicable to this case, for if it is, it excludes recourse to *mandamus;* but we are of opinion it is not applicable. Under our system of assessment of property for taxation, all real estate is assessed to the owner in the county in which it lies, and all personal property belonging to natural persons resident in this State is assessed to the owner in the assessment district in which he resides, with the exception of goods and chattels (taxable as such) permanently located in any other city or county, which are assessed to the owner where they are so located. The personal property of corporations of this State, not having a capital stock, whose shares are subject to taxation, is assessed in like manner to such corporations. All existing assessments of property in this State were made either by assessors appointed in each assessment district under the last General Assessment Act, ch. 120 of 1896, or have been added by the County Commissioners since that time under powers conferred by that Act, and by subsequent enactments; the real property of all corporations is taxed by the county assessors, or County Commissioners, but these have no power to value or assess the personal property of corporations

having a capital stock whose shares are subject to taxation. The State Tax Commissioner alone is authorized to value and assess such shares, and may examine on oath any officer of such corporation as to the aggregate value of such shares. This aggregate value is the value of all the taxable property of every description owned by said corporation. The taxable value of such shares is ascertained under the law by deducting from their aggregate value, the certified taxable value of the real estate of the corporation and dividing the residuum by the number of the shares, the quotient showing such taxable value. The State Tax Commissioner certifies this taxable value to the County Commissioners of each county, in which any stockholder resides, and the shares of any such stockholders are valued, for county and municipal purposes to the owners in the counties in which they respectively reside.

Here we have two distinct and independent systems of assessment, the powers of one being vested in county assessors, or County Commissioners, and those of the other in a State Tax Commissioner.

In *Monticello* v. *Baltimore City*, 90 Md. 431, in referring to sec. 145 of Art. 81, which requires the County Commissioners to give notice to the owner before they proceed to increase the valuation of previously assessed property, and before they undertake to add any new property, not valued or returned by the proper assessor or collector, the Court said: "This section has relation only to property which the County Commissioners have the right to assess," and this is equally true of sec. 184. The County Commissioners have no power to assess the personal property of a corporation of this State, having taxable shares of stock, because such personal property is fully represented and included in the shares of stock, which the State Tax Commissioner alone is authorized to assess and which he is required to assess and certify to the County Commissioners of each county where any such stockholder resides. Assessment of such shares by the County Commissioners, or of any personal property which forms a constituent part of the value of such shares would necessarily result in double taxation.

As sec. 184 had no relation to the personal property of such corporations, or to the shares of their stock, the authority of *Winand's case, supra,* could in no event have been impaired by its enactment, and that decision would control the present case.

But there is another equally convincing and conclusive reason why sec. 184 affords no remedy which would forbid resort to *mandamus.*

We think it is manifest that this section has relation exclusively to appeals from the Boards of Control and Review, and does not apply to cases where the assessments have been made by the County Commissioners, and not by assessors appointed under the Act of 1896. The appeal therein provided for to the Circuit Court must be taken within thirty days after the return is made by the Boards of Control and Review to the County Commissioners. An examination of secs. 182 and 183 of that Act, which are not reproduced in the Supplement to the Code, makes it clear, we think, that these sections, as well as secs. 173 to 191 both inclusive, are merely a part of the machinery relating to the first assessment under the Act of 1896, that they have been completely executed, and have no further vitality or effect.

It will be seen that in the Supplement of 1900, the learned codifier, Mr. Poe, omitted secs. 165 to 170 both inclusive, and secs. 172, 182 and 183 of the Act of 1896 and in a foot note on p. 556 of that supplement, states that they were omitted because they had been completely executed. In the Code of 1903, Mr. Poe has also omitted secs. 173 to 180 both inclusive, and secs. 184 to 191 both inclusive, upon the ground as we are informed by him, that upon a re-examination of that Act, he regards all those sections as referring only to the re-assessment ordered to be made by the Act of 1896, ch. 120, and as being completely executed, and possessing no further efficacy. Upon careful consideration, we entirely concur in this view, and it follows therefrom that there was no error in granting the *mandamus* in this case.

> *Order affirmed with costs to the appellee above and below.*

(Decided June 9th, 1904.)