## MITCHELL *v.* REGISTER OF WILLS FOR BALTIMORE CITY ET AL.

[No. 96, September Term, 1961.]

■■■■■

*Decided January 9, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, HORNEY and MARBURY, JJ.

*J. Cookman Boyd, Jr.,* and *Harry E. Silverwood* for appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

This is another savings bank deposit case, but it is unlike any of the numerous ones that have preceded it, in that it involves the imposition of inheritance tax.

At the death of Charles R. Mitchell, brother of the appellant, on August 21, 1956, there was in the Central Savings Bank of Baltimore an account in the following form:

> "Sadie Mitchell in trust for self and Charles R. Mitchell, joint owners, subject to the order of Sadie Mitchell during the life of both, the balance at the death of either to belong to the survivor."

The Register of Wills for Baltimore City assessed an inheritance tax of 7½ % on one-half of the balance in said account at the death of Charles R. Mitchell pursuant to Code (1957), Article 81, §§ 150 and 151,[1] which tax, amounting to $37.66, was paid by appellant.

---

1. § 150. Tax on collaterals; exemptions.

"There is hereby levied and imposed a tax at the rate of seven and one-half per centum on every one hundred dollars of the clear value of any and all property, having a taxable situs in this State, passing at the death of any resident or nonresident decedent, in trust or otherwise, to or for the use of any person or persons, other than the father, mother, husband, wife, children or lineal descendants of such decedent; * * *."

§ 151. Property subject to tax.

"The taxes imposed by §§ 149 and 150 of this subtitle shall apply to all tangible or intangible property, real or personal, passing either by will or under the intestate laws of this State, or by deed, gift, grant, bargain or sale, made in contemplation of death, or in-

Appellant filed a timely claim for refund, which was rejected by the register of wills. She thereafter appealed to the Maryland Tax Court, which affirmed the action of the register of wills; whereupon she appealed to the Baltimore City Court.

The only testimony at the hearing before the Maryland Tax Court was that of appellant to the effect that all the funds in said account represented deposits made by her out of her own money, and interest thereon. Counsel agreed that appellant's testimony before the Maryland Tax Court would be treated as her testimony in the Baltimore City Court.

The Baltimore City Court affirmed the decision of the Maryland Tax Court and from the determination and judgment thereon for costs she appeals to this Court.

The appellant makes two contentions: (1) There was no taxable beneficial interest in the account in Charles R. Mitchell that would pass to her on his death; and (2) that even if such an interest did exist, there is no basis upon which the State can value said interest at one-half of the balance in the account at the time of his death.

---

tended to take effect in possession or enjoyment at or after the death of a decedent, including property in which the decedent, prior to his death, had an interest as joint tenant or tenant in common, and including property over which the decedent retained any dominion during his lifetime, except, however, any interest, legal or equitable of any surviving spouse in any freeshare account in any building or homestead association or in any monies on deposit or in any registered bond of the United States in the name of husband and wife passing to such surviving spouse or in any property of any nature owned by husband and wife either as joint tenants or as tenants by the entireties passing to such surviving spouse. In the case of joint bank accounts or joint building or homestead association accounts or shares, or registered securities, the form of the account or registration shall be controlling notwithstanding a parol trust to a contrary effect. The reservation of a beneficial interest in favor of the decedent or of a power of revocation, absolute or conditional or of a power of appointment by will or otherwise, in or over any property passing subject to the tax imposed by this subtitle, shall be deemed to constitute dominion within the meaning of this section. In cases of joint tenancy, where the interests are not otherwise specified or fixed by law, the interest passing shall be determined by dividing the value of the property by the number of joint tenants. * * *"

This Court has many times held, and appellant concedes, that the bank accounts such as the one in question here, opened by her, constitute a presumptively valid, but rebuttable, trust. *Tribull v. Tribull,* 208 Md. 490, 119 A. 2d 399; *Whittington v. Whittington,* 205 Md. 1, 106 A. 2d 72; *Bierau v. Bohemian Bldg., Etc., Ass'n,* 205 Md. 456, 109 A. 2d 120; *Hancock v. Savings Bank of Balto.,* 199 Md. 163, 85 A. 2d 770; *Bradford v. Eutaw Savings Bank,* 186 Md. 127, 46 A. 2d 284; *Ragan v. Kelly,* 180 Md. 324, 24 A. 2d 289; *Bollack v. Bollack,* 169 Md. 407, 182 Atl. 317; *Stone v. National City Bank,* 126 Md. 231, 94 Atl. 657; *Milholland v. Whalen,* 89 Md. 212, 43 Atl. 43.

The rule laid down by this Court in the leading case of *Milholland v. Whalen, supra,* is that a transfer of an interest in a bank account takes effect, not by reason of a delivery of the property, but solely by reason of the declaration of trust.

In *Bierau v. Bohemian Bldg. Ass'n, supra,* at page 462, this Court said:

> "The creator of the trust may reserve the right to withdraw part or all of the deposit at any time, or from time to time. A withdrawal amounts, in legal contemplation, to no more than the exercise of the power of revocation which will not affect the validity of the trust. The right to withdraw may be given to the trustee-beneficiary and the other beneficiary separately, or jointly, or may be reserved to the creator alone, and there will be no difference in legal result."

The trust declared by Miss Mitchell in favor of herself and her brother as joint owners, would clearly have been effective to transfer the balance to the brother had Miss Mitchell died first, nor is it denied that such was the intention of the donor. Upon the death of the brother the donor became the sole beneficiary, so that in legal effect there was a transfer to the donor of the brother's interest upon the brother's death.

Her interest in it was dual, that of a trustee, and one of two equitable joint owners, who, if she survived the other beneficiary, would become entitled to the funds at that time.

During their joint lives she could withdraw any part or all of the fund, but until withdrawn by her, so much of the fund as remained in the deposit remained subject to the terms of the trust upon which the deposit was made, for the mere power to withdraw the fund cannot be accepted as equivalent to an actual withdrawal thereof. *Ghingher v. Fanseen,* 166 Md. 519, 530, 172 Atl. 75; *Milholland v. Whalen, supra,* at page 218. See also *Bierau v. Bohemian Bldg. Ass'n, supra.*

The second contention made by the appellant has to do with the use of the joint tenancy rule of § 151 in arriving at the evaluation of the interest passing back to her on her brother's death.

Since we have already held that Miss Mitchell and her brother were equitable joint owners of the funds held in trust by her it is clear the joint tenancy clause of § 151 would apply in determining the taxable interest in the fund transferred to Miss Mitchell upon the death of her brother, in this instance, one-half. The statute makes the form of the deposit controlling.

Our conclusion is in accord with the opinions of past attorneys general of this State in identical bank account situations such as this. Those opinions are to the effect that the transfer of the decedent's interest to the donor is subject to the inheritance tax, at the then existing taxable rate, on the decedent's proportional interest. 21 O. A. G. 768, 770, (1936); 37 O. A. G. 383, 384 (1952); 40 O. A. G. 546, 555 (1955). Thus for the past twenty-five years since the first ruling by the attorney general in 21 O. A. G., succeeding attorneys general have consistently followed that ruling. While it is true that opinions of the attorneys general are not binding on this Court, they are, nevertheless, entitled to careful consideration and serve as important guides to those charged with the administration of the law. *State v. Cadwalader,* 227 Md. 21, 174 A. 2d 786. Moreover, a long continued and unvarying construction applied by administrative officials is a persuasive influence in determining the judicial construction of a statute such as we have here, and should not be disregarded except for the strongest and most urgent reasons. *Department of*

*Tidewater Fisheries v. Sollers,* 201 Md. 603, 95 A. 2d 306, and cases therein cited.

Of course, construction of a statute is a judicial function. However, the Courts, in seeking its meaning, may avail themselves of the construction put upon it by the Legislature through long continued acquiescence in the administrative construction. With reference to the statute here involved, the Legislature has had ample time to amend it but, by its silence, has tacitly acquiesced in the interpretation given to the statute by the State's chief legal officer.

Furthermore, Code (1957), Article 81, § 155, requires an executor, within three months after the grant of his letters, to make a written report to the Register of Wills under oath as to all personal property, including bank accounts in which his decedent had an interest as a joint tenant at the time of his death. This gives weight to our conclusion that the Legislature intended the decedent's interest in a joint account to be subject to inheritance taxes. If the construction placed upon the statute by the attorneys general, and our decision in this case, may result in some hardship when applied to funds contributed by the settler where the beneficiary predeceases the creator of the trust, this would be an appropriate matter to be brought to the attention of the Legislature for amendment of the statutes applicable to inheritance taxes.

We think it is clear that under the Maryland authorities cited above there was a valuable interest created in the brother by the establishment of the account in such form, that the trial judge properly construed the applicable law, and we will affirm the judgment.

*Judgment affirmed, with costs.*