## STATE DEPARTMENT OF ASSESSMENTS AND TAXATION *v.* TOWN AND COUNTRY-WOODMOOR, INC.

[No. 176, September Term, 1969.]

*Decided February 4, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*Joseph R. Raymond, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellant.

*Eugene P. Smith,* with whom were *M. William Adelson* and *Andrew E. Adelson* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

This case involves an appeal by the State Department of Assessments and Taxation, appellant, from an order of Judge Walter M. Jenifer, of the Circuit Court of Baltimore County, which affirmed a decision of the Maryland Tax Court. The Tax Court held that dishwashers and garbage disposal units installed in the 424 unit residential apartment complex of Town and Country-Woodmoor, Inc., appellee, were real property rather than personal property for the purposes of assessment and taxation. The property in question is located in Baltimore County. The tax year involved is 1966.

The original determination that the property was personalty rather than realty had been made by Mr. Albert W. Ward, Director of the Maryland Department of Assessments and Taxation, after a formal hearing on February 14, 1967. On appeal to the Maryland Tax Court the assessment on the personal property of the appellee for the year 1966 was reduced in the amount of $44,740, on the grounds that the dishwashers and disposals were installed throughout the apartment project for the permanent and substantial improvement of the building and, therefore, not subject to assessment and taxation as personalty.

The record discloses that the disposal units and dishwashers were so installed within the apartment building during the course of construction that they assumed the character of permanency and became an integral part of the apartment building itself. They could not be removed without substantial damage to either the unit itself or to the apartment building in which it was constructed, and to which it became annexed. The appellee also introduced evidence to establish the fact that these appliances are considered an essential and necessary installation in apartment houses if the landlord expects to be competitive.

The appellant contending that the case is controlled by *Anne Arundel County v. Sugar Refining Company,* 99

Md. 481, 58 A. 211 (1905), quotes from the opinion of the Court wherein it states:

"The classification of property for taxation, as real or personal, is usually made on common law distinctions, though by statute it may be otherwise provided. *Cooley on Taxation,* p. 366. 'At common law, fixed and movable machinery are alike regarded as personal property.' *Steere v. Walling,* 7 R.I. 317. In that State, a statute so far altered this rule of the common law in that respect, as to declare that for purposes of taxation, fixed machinery should be regarded as real estate when owned by the owners of real estate to which it is affixed. But in Maryland there is no such statute. The doctrine of fixtures, as between vendor and vendee, lessor and lessee, mortgagor and mortgagee, though recognized here as to these parties, has never been imported into the law of taxation." *Id.* at 484.

The appellant urges upon us that it has been the long standing administrative practice of the Department of Assessments and Taxation to determine the character of property, real and personal, in accordance with standards set down by *Sugar Refining Co., supra.* It interprets that case as holding that for the purpose of taxation, machinery and equipment, whether affixed to realty or not, are to be treated as tangible personal property. Furthermore, the appellant scouts any claim that dishwashers and garbage disposals, in this modern day, have become an essential and necessary installation in an apartment house but rather characterizes them as merely luxurious frills designed to attract higher rentals. Indeed, on the basis that they were an essential and necessary installation in an apartment house, the assessor had voluntarily listed television antennas and air conditioners as realty.

The lower court found that on the basis of the evidence before the Tax Court the latter was justified in holding that the installations were of such a nature as to be-

come a part of the real estate, noting that they met all of the tests of a fixture as set forth in the case of *Schofer v. Hoffman*, 182 Md. 270, 274, 34 A. 2d 350 (1943).

The appellee, like the appellant, also relies upon *Sugar Refining Co.*, in its search for a test to determine whether an annexed article is realty or personalty. It quotes to its own advantage that language from the opinion wherein the Court borrows from Baron Parke in *Hellawell v. Eastwood*, 3 Eng. Law & Eq. 562, to the effect that:

> "* * * [T]he question depends principally on the object and purpose of the annexation, whether it was for the permanent and substantial improvement of the building, in the language of the civil law *perpetui usus causa,* [realty] or merely for a temporary purpose, or the more complete enjoyment and use of the machine as a chattel [personalty]."

This last quoted language of Baron Parke, served as the rationale for the opinion of the Hon. C. Ferdinand Sybert, Attorney General of Maryland (later a member of this Court), in his opinion in 42 O.A.G. 411 (1957). There he held that air conditioners in an apartment building whose walls had been especially altered to accommodate the units were real property rather than personalty, the opinion paraphrasing the above quoted language from *Hellawell*. See also 39 O.A.G. 312 (1954).

The appellant would have us believe that an affirmance of the decision of the lower court would strike a mortal blow to the rule of law promulgated by *Sugar Refining Co.* and followed in *Canton Co. v. Comptroller*, 231 Md. 294, 297, 190 A. 2d 92 (1963), and *Comptroller v. Kaiser Corp.*, 223 Md. 384, 391, 164 A. 2d 886 (1960), to the effect that the doctrine of fixtures has never been imported into the law of taxation and that at common law, fixed and movable machinery were both regarded as personal property. However, we do not see such a drastic result in accepting the view of the Tax Court and the court below. One cannot read the decision in *Sugar Re-*

*fining Co.,* written sixty-five years ago, with any meaning, without viewing it against the historical background of preferential tax treatment, by way of exemptions, afforded machinery involved in manufacturing processes and the influence which such a practice had upon court decisions. Cf. *Kimball-Tyler v. Baltimore City,* 214 Md. 86, 90-93, 133 A. 2d 433 (1957). An awareness of the economic impact on a given plant or industry, resulting from the classification of manufacturing machinery as realty, was the reason that the common law rule, long recognized in Maryland, categorized such machinery as personal property without regard to the nature of its annexation. Against such a background, we think the Tax Court and the lower court were correct in differentiating between machinery used in a manufacturing plant (*Sugar Refining Co.*) and fixtures in an apartment dwelling designed solely for residential use. On such a basis, and we think validly so, *Sugar Refining Co., Comptroller v. Kaiser Corp.,* and *Canton Co. v. Comptroller,* can all be distinguished. In keeping with this proposition, we are impressed by the contemporary flavor of the language of Chief Judge Alvey, in the opinion of this Court in *Schaper v. Bibb,* 71 Md. 145 (1889) which, although written before the turn of the century, appears refreshingly pertinent:

> "It was doubtless the purpose to put in these articles as permanent fixtures and as part and parcel of the finish of the house. The houses were being built for sale or rent, and it was the manifest object to finish them in such modern and improved style, as to convenience and comfort, as would make them desirable residences. This could only be done by finishing the houses by fitting in ranges and fireplace heaters. And this is shown to be the universal understanding and practice among builders and material men in Baltimore. They all, that is, those called as witnesses, without exception, testify that not only

is a cooking or kitchen range necessary, but fireplace heaters, with their attachments, are equally necessary, to the finish and completion of a modern dwelling house of the class to which that of the appellant belongs; and that such fixtures are regarded as being essential parts of the house." *Id.* at 150.

We are not impressed by the argument that there has been any long standing administrative practice on the part of the appellant to classify dishwashers and garbage disposals as personal property, and that where the law involved does not lend itself to clear and unambiguous interpretation, time brings to such practices the benediction of judicial acquiescence. The witness who appeared on behalf of the appellant testified that he thought that they had been so classified since about 1963. This case arose in 1967, approximately four years later. In both of the cases cited by the appellant relative to the recognition by this Court of long standing administrative practice and statutory interpretation, the period of time in question was twenty-five years. *Smith v. Higinbothom,* 187 Md. 115, 132, 48 A. 2d 754 (1946), and *Mitchell v. Register of Wills,* 227 Md. 305, 311, 176 A. 2d 763 (1962).

In view of what we have heretofore stated in this opinion, we conclude that the units installed in these particular apartments were fixtures because they were installed for permanent and substantial improvement of the building. Furthermore, as Judge Jenifer aptly stated:

"It is true any tenant apartment dweller could probably live in an apartment without a dishwasher or garbage disposal unit, but in this day and age of modern conveniences, they have for all practical purposes become an essential and necessary installation in apartment houses if you are going to rent them, and certainly it is true that people don't build apartment houses to remain vacant. * * * and the fact they may have added some additional enjoyment for the

apartment tenant and occupier does not destroy, in my mind, that they are essentially real estate and are not merely used as a machine by the apartment dweller. They are integral and expected and necessary parts of an apartment unit."

*Order affirmed, appellant to pay costs.*